OPINION
{¶ 1} Appellant, Matthew Jason Stone, appeals a decision of the Clinton County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child.
 {¶ 2} A complaint was filed on February 7, 2002 alleging that appellant was delinquent for committing murder in violation of R.C.2903.02(A). A competency evaluation was performed and the trial court held a competency hearing on April 29, 2002. Dr. Bobbie Hopes evaluated appellant and testified at the hearing regarding his competency to stand trial. In her opinion, appellant's competency to stand trial depended on the complexity of the trial and the ability of the parties involved to carefully explain things to appellant in language he could understand. The trial court found appellant competent to stand trial.
 {¶ 3} Appellant subsequently entered into a plea bargain, entering an admission to the lesser charge of involuntary manslaughter in violation of R.C. 2903.04(B). The trial court then adjudicated appellant delinquent and committed him to the Department of Youth Services for a minimum of six months and a maximum of age 21.
 {¶ 4} Appellant now appeals his adjudication as a delinquent child and raises two assignments of error.
Assignment of Error No. 1
 {¶ 5} "MATTHEW STONE WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION IN THAT HE WAS ADJUDICATED DELINQUENT WHILE INCOMPETENT TO STAND TRIAL."
Assignment of Error No. 2
 {¶ 6} "MATTHEW STONE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 7} In his first assignment of error, appellant contends that the trial court erred in finding that he was competent to stand trial. The conviction of an accused not legally competent to stand trial is a violation of due process. State v. Berry, 72 Ohio St.3d 354,1995-Ohio-310. Ohio Juv.R. 32(A)(4) provides that a court may order a mental or physical examination where a party's competence to participate in the proceedings is at issue. However, there is no statutory basis for a juvenile to plead that he is incompetent to stand trial. This court has held that the standards applied to determine the competency of adults in R.C. 2945.37 governs the competency evaluations of juveniles, as long as the standards are applied in light of juvenile, rather than adult norms.In re McWhorter (Dec. 5, 1994), Butler App. No. CA94-02-047.
 {¶ 8} Pursuant to R.C. 2945.37(G), a "defendant is presumed competent to stand trial unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense."
 {¶ 9} An appellate court will not disturb a competency determination if there was "some reliable, credible evidence supporting the trial court's conclusion that [the defendant] understood the nature and objective of the proceedings against him." State v. Williams (1986),23 Ohio St.3d 16, 19. "[T]he adequacy of the data relied upon by the expert who examined the [defendant] is a question for the trier of fact." Id. at 19.
 {¶ 10} However, because appellant failed to object to the competency finding at the trial court level, this court reviews this issue for plain error. Crim.R. 52(B); In re Williams (1997),116 Ohio App.3d 237, 241.
 {¶ 11} Appellant argues that the trial court erred by finding him competent to stand trial because Dr. Hopes' report and testimony did not support a finding of competency. Specifically, Dr. Hopes found that appellant was not mentally ill, but was mildly mentally retarded. She also stated that he understood the charge against him and that he could be held until he was 21 if found guilty. In her report, Dr. Hopes stated that appellant provided adequate definitions of the judge, jury, attorney and prosecutor. Dr. Hopes also stated that appellant did not understand plea bargaining when she tried to explain it to him, and he responded that he would "say `no' I guess," if offered a plea bargain. She indicated that if a plea bargain were offered, it would have to be explained to appellant in very concrete and simple terms.
 {¶ 12} Dr. Hopes concluded that appellant's competency to stand trial was "marginal, at best." She stated that he had a rudimentary factual understanding of the nature and objectives of court proceedings. However, she found that his ability to understand and accept his attorney's advice, to make decisions about his defense, and to assist his attorney was impaired. She concluded that "much will depend on the ability of his attorney to simplify and explain complex issues to [appellant], and to clarify [appellant's] often confusing and disjointed statements, the anticipated complexity of the trial and testimony and whether [appellant's] testimony is required."
 {¶ 13} Appellant argues that based on Dr. Hopes' report and testimony, it was error for the trial court to find appellant competent to stand trial. We disagree. While Dr. Hopes' conclusions were mixed, there was support for the trial court's determination that appellant was competent to stand trial.
 {¶ 14} Furthermore, the trial court properly evaluated appellant's competency by juvenile norms, not only in regards to juvenile behavior, but also regarding the nature of juvenile proceedings. In re McWhorter, Butler App. No. CA94-02-047. The trial court stated that it considered the norms present in juvenile court which are not present in adult court proceedings. The trial court found that juvenile court affords additional protections to juveniles, such as having a parent, guardian or other person present with the child during the proceedings, and that the proceedings are regarded as not necessarily adversarial and are geared toward protecting the interests of the child. The trial court found that these norms would help balance the reasoning deficiencies of appellant and specifically noted the steps suggested by Dr. Hopes to ensure that the proceedings were explained to appellant in a manner in which he could understand and fully participate. Accordingly, we find no error in the trial court's determination that appellant was competent to stand trial.
 {¶ 15} In his second assignment of error, appellant contends that he received ineffective assistance of counsel. To decide appellant's claim of ineffective assistance of counsel, we must apply the two-tier test of Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, appellant must show that counsel's actions were outside the wide range of professionally competent assistance. Second, appellant must show that he was prejudiced as a result of counsel's actions. Id. at 689. Prejudice will not be found unless appellant demonstrates there is a reasonable probability that, if not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142.
 {¶ 16} Appellant argues that his trial counsel was ineffective because he failed to object to the competency finding and because he failed to request a second competency evaluation. As mentioned in the previous assignment of error, we find that the trial court did not err in its determination that appellant was competent to stand trial.
 {¶ 17} We also find that appellant's counsel was not ineffective by failing to request a second competency evaluation. While Dr. Hopes' final conclusion was "mixed" there was sufficient evidence that appellant's deficiencies in understanding the nature of the proceedings before him could be compensated for by special measures allowed by the juvenile court. For example, Dr. Hopes' testified that, if a plea bargain were offered, steps could be taken to break it down into very concrete, simple explanations that appellant could understand. She suggested doing this at appellant's vocabulary level and keeping everyone's vocabulary level at a simplistic level. Dr. Hopes suggested that if a technical term had to be used, it should be paraphrased right afterward so that appellant understood and was able to follow better.
 {¶ 18} In addition, Dr. Hopes' report and testimony contains evidence that appellant had good ability to recall factual information. Dr. Hopes' report also indicates that appellant scored well on a test designed to assess mentally retarded individuals in the areas of legal concepts, skills to assist defense and understanding of case events. She also reported that he scored 70 on another test, which is generally considered competent to stand trial. Given the amount of evidence in favor of a competency finding, we cannot say that appellant's attorney was outside the range of professionally competent assistance by failing to request a second competency evaluation. Furthermore, the evidence does not support a finding that had a second competency evaluation been performed that the competency finding would have been different. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
VALEN, P.J., dissents.